Filed 2/1/24  P. v. Todd CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B321848 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA101096) |
| v. | |
| GWENDOLYN TODD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and Nikhil Cooper, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Gwendolyn Ann Todd (defendant) appeals the trial court's summary denial of her petition for resentencing under Penal Code section 1172.1.[1]  The People concede that a remand is necessary.  We agree, and reverse the order denying relief and remand for a new hearing that complies with the procedural steps set forth in a law enacted after the trial court's ruling.

### FACTS AND PROCEDURAL BACKGROUND

I.    **Facts**

In 2015, defendant used lighter fluid to set ablaze a tree and a sprinkler control box located on a street corner in Long Beach, California.  She later explained that she set the tree on fire because she did not "like that god damn tree" and set the box on fire to "burn" the "asses" of the "roaches" that "come out at night."  Defendant was 55 years old at the time.

The People charged defendant with arson of the property of another (§ 451, subd. (d)).  The People further alleged that defendant had six prior convictions that qualified as "strikes" under our "Three Strikes" law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)), and four prior serious felony convictions (§ 667, subd. (a)(1)).

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

Defendant pled no contest to the arson count, admitted one prior strike conviction, and admitted the four prior serious felony convictions.

In 2016, the trial court sentenced defendant to a prison sentence of 24 years, comprised of four years on the base count (a mid-range sentence of two years, doubled due to the prior strike), plus 20 years for the four consecutive five-year sentences for the four prior serious felony convictions.

## II.    Procedural Background

In January 2021, the Secretary of the California Department of Corrections and Rehabilitation (the Secretary) filed a petition recommending that defendant be resentenced under section 1170, subdivision (d)(1).  The Secretary urged the court to consider resentencing defendant to a lower sentence because (1) she had no disciplinary infractions during the last four years in prison, (2) she was 61 at the time of the petition and would not be released until April 2030, (3) she had finished serving the four-year base term, and (4) she was susceptible to COVID-19 complications.[2]

The trial court appointed counsel for defendant, and obtained further briefs from the People and defendant.  Without holding a hearing, the court on July 30, 2021 summarily denied the petition with an order stating:  "After review of the court file including the defendant's history, the court declines to exercise its jurisdiction to resentence the defendant."

Defendant filed this appeal.

---

[2]    The Secretary also noted that the trial court now had discretion not to impose the four, five-year sentences for her prior serious felony convictions, but the court in 2019 had already considered and elected not to use its newly granted discretion.

3

## DISCUSSION

Five months after the trial court summarily denied defendant's petition, a new statute took effect that renumbered and substantially revamped the statute the Secretary had invoked in its petition. Enacted as Assembly Bill No. 1540 (2021-2022 Reg. Sess.), this new statute enacted what is now section 1172.1 and sets forth a number of procedural steps that must be followed whenever the Secretary (or other official listed in section 1172.1) files a petition asking the trial court to consider resentencing a defendant. (§ 1172.1; Stats. 2021, ch. 719, § 3.1; Stats. 2022, ch. 58, § 9.) Specifically, when a petition is filed, a trial court:

- Must appoint counsel for the defendant (§ 1172.1, subd. (b)(1));

- Must set a status conference within 30 days of receiving the Secretary's request (*ibid.*);

- Must conduct a hearing (*id.*, subds. (a)(8) & (a)(9));

- Must consider, in deciding whether to recall and resentence a defendant, whether the defendant "has experienced psychological, physical, or childhood trauma," whether the defendant was "a victim of intimate partner violence or human trafficking," or if the defendant was under 26—and whether any of these facts was "a contributing factor" in the commission of the offense. (*Id.*, subd. (a)(5).) The court *may* consider three other "postconviction factors"—namely, (1) the defendant's "disciplinary record and record of rehabilitation . . . while incarcerated"; (2) "whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence"; and (3) any other "evidence that reflects that circumstances have changed since the original sentencing so that

continued incarceration is no longer in the interest of justice." (*Ibid.*)

●  Must apply a presumption in favor of recalling and resentencing that is rebutted only if the court "finds the defendant currently poses an unreasonable risk of danger to public safety" because she poses an "unreasonable risk" of "commit[ting] a new" so-called "super strike" offense (such as murder, various sex crimes, or possessing weapons of mass destruction).  (*Id.*, subd. (b)(2); §§ 1170.18, subd. (c), 667, subd. (e)(2)(C)(iv).)

●  Must "state on the record the reasons for its decision to grant or deny recall and resentencing."  (§ 1172.1, subd. (a)(7).)

It is undisputed that the trial court in this case did not adhere to any of these procedural requirements except the first—because they did not exist at the time of its July 2021 ruling.

The sole question that remains is whether defendant is entitled to the benefit of these later-enacted procedural protections.  Both of the parties agree she is, but for different reasons.  Defendant urges that Assembly Bill No. 1540 applies to her retroactively under *In re Estrada* (1965) 63 Cal.2d 740, while the People assert that *Estrada* does not apply but that defendant is nonetheless entitled to take advantage of the new procedural requirements because Assembly Bill No. 1540 was meant to clarify rather than change the law.  Several decisions have opted not to address the *Estrada* question because, in their view, Assembly Bill No. 1540 was enacted to clarify the procedures applicable to these types of postconviction petitions, as the bill was enacted at a time when the appellate courts in California were in disarray about which procedures applied.  (*People v.*

*Pierce* (2023) 88 Cal.App.5th 1074, 1078-1079 [so holding]; *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038-1042 [same]; accord, *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1089-1090 [same].) We agree with these decisions.

Accordingly, we reverse the trial court's order and remand for further proceedings consistent with the current version of section 1172.1. Nothing in this opinion is meant to suggest what outcome is appropriate on remand.

## DISPOSITION

The order is reversed and the matter remanded for further proceedings consistent with section 1172.1.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ